UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CLAIRE DEPASQUALE and CHRISTOPHER MUELLER, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 24-cv-10231-ADB |
| ORANGE PEEL BAKERY, LLC and JULIANNE G. VANDERHOOP, | * * * | |
| Defendants. | * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court are Defendants' motion to reschedule the pretrial conference and trial, [ECF No. 111], Magistrate Judge Levenson's Report and Recommendation concluding that the Court should deny the motion, [ECF No. 116], and Defendants' objections thereto, [ECF No. 117 ("Defs.' Objs.")].  After de novo review of the portions of the Report and Recommendation to which Defendants object, Defendants' objections are overruled, the Report and Recommendation, [ECF No. 116], is **ADOPTED** in its entirety, and Defendants' motion, [ECF No. 111], is **DENIED**.

I.    **ENFORCEABILITY OF SETTLEMENT AGREEMENT**

The Court fully agrees with the reasoning set forth in Judge Levenson's Report and Recommendation, [ECF No. 116], and adopts it without alteration.  For the avoidance of doubt, the Court adds a few additional observations.  Defendants sought to reopen this case and schedule it for trial, claiming that (1) they never reached an agreement to settle the case, and (2) if they did reach an agreement, that agreement was unenforceable because it "violate[d] a federal

statute," namely, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.  See [ECF No. 111 at 1–2].

First, as to the argument that no agreement was reached, only weeks ago, the First Circuit reiterated the rule that neither a "refusal to sign a subsequent writing memorializing the orally agreed upon terms" nor "a party's later change of heart" is adequate to "undo a knowing and voluntary" oral settlement containing all material terms.  Maccarone v. Siemens Indus., Inc., 165 F.4th 640, 644 (1st Cir. 2026).  The record of proceedings before Judge Levenson reflects an enforceable oral agreement, containing all material terms, to which all parties assented.  See [ECF No. 116 at 2].

Defendants argue that the agreement was not binding because the parties exchanged subsequent written drafts that, if signed, would have superseded their prior oral agreement, [ECF No. 111 at 1–2], but none of those draft agreements were in fact signed, and, more importantly, the parties' subsequent negotiations over a written memorialization of their agreement do not affect whether the oral agreement itself was enforceable; nor do they provide a legal basis to void that agreement.  Cf. Shapiro v. Cynosure, LLC, No. 23-cv-10947, 2024 WL 967594, at *4–5 (D. Mass. Mar. 6, 2024) (concluding that there was no binding settlement agreement where, unlike here, the parties only made an "unenforceable 'agreement to reach an agreement,'" id. at *5 (quoting Lafayette Place Assocs. v. Bos. Redev. Auth., 694 N.E.2d 820, 826 (Mass. 1998)), that lacked "precision" and "did not specify the amount to be paid").

They further assert that Judge Levenson viewed the settlement negotiations as a mediation, that "[m]ediations are non-binding unless reduced to writing and signed by both parties," and that Judge Levenson confused Defendant Vanderhoop by stating that he was "inclined to treat" the parties' settlement as off the record.  [Defs.' Objs. at 2–3].  But the

transcript of the hearing before Judge Levenson makes clear that the judge asked counsel for both parties if he had correctly stated the terms of the agreement before asking Ms. Vanderhoop if she "agree[d] to be bound by th[e] agreement," to which she answered "[y]es."  See [ECF No. 116 at 3].  These facts are indistinguishable from those on which the First Circuit concluded an enforceable agreement existed in Maccarone.  See 165 F.4th at 642–44.

Defendants next argue that because the FLSA permits the Court to award attorney fees to a plaintiff who obtains a judgment in litigation, but requires those fees to be "reasonable," 29 U.S.C. § 216(b), the Court must review the parties' settlement agreement to determine whether the attorney fees that Defendants agreed to pay Plaintiffs are reasonable, and then set it aside if they are not.  See [ECF No. 111 at 2]; [ECF No. 117 at 1–2, 4–6].  Judge Levenson's analysis is thorough and accurate on this point, and the Court will not repeat his analysis here.  See [ECF No. 116 at 4–7].  The Court emphasizes, however, that the basic flaw in Defendants' argument is that the FLSA's reasonableness requirement applies to fees awarded by the Court after a judgment is entered, not to fees agreed upon by the parties in a settlement contract.[1]

## II.    OTHER OBJECTIONS

### A.    Failure to address issues raised in Defendants' motion

Defendants object that "Judge Levenson failed to address most of the issues in Defendant[s'] motion."  [Defs.' Objs. at 2].  The Court reads the Report and Recommendation to resolve all dispositive issues raised by Defendants, because as the Report and Recommendation makes clear, the dispositive issue is the enforceability of the contract between the parties.  See

---

[1] For the same reason, Defendants' objections that (1) Plaintiffs have not established themselves as the "prevailing party," [Defs.' Objs. at 4], and (2) statutes "cannot be overridden by contracting parties," [id.], are unavailing.  The issue of attorney fees was resolved by an agreement of the parties, not pursuant to the fee-shifting provision of the FLSA.  Plaintiffs did not need to establish themselves as the prevailing party, and the parties' agreement was not contrary to any statute.

[ECF No. 116 at 2].  The parties entered into a binding agreement, and Defendants have not put forth any legal reason for the Court to set it aside.  Still, for the avoidance of doubt, the Court writes to clarify two points emphasized in Defendants' objections: the public policy and "unclean hands" arguments raised in Defendants' motion.  See [Defs.' Objs. at 6 ("Judge Levenson failed to address the Public Policy or the 'Unclean Hands' doctrine as outlined in Defendant(s)' motion.")].  These objections seem rooted in Defendants' belief that Plaintiffs' position on certain issues in this case, namely whether Plaintiffs were salaried employees or wage earners, [ECF No. 111 at 3], and whether Plaintiffs were properly paid overtime and tips, [Defs.' Objs. at 1], are dishonest and amount to misconduct on the part of their counsel.  [ECF No. 111 at 2–3].  The fact, however, that Plaintiffs dispute Defendants' version of facts or interpret the law differently does not constitute misconduct.[2]

## B. Bias

Defendants object that Judge Levenson was biased "in favor of the Plaintiffs and against the Defendant[s]."  [Defs.' Objs. at 1]; see also [id. at 1–3 (elaborating)].  First, they allege that Judge Levenson exhibited palpable hostility to defense counsel, [id. at 1], specifically by "remind[ing] Defendant[s'] counsel of his obligations as an officer of the Court," [id. at 2], and by failing to consider defense counsel's attempt to orally offer a citation into the record, [id. at 3].  Second, they allege that Judge Levenson's failure to question Plaintiffs' counsel at the hearing on Defendants' motion supports an inference of bias.  [Id. at 2].  Neither Judge

---

[2] Defendants raise a variety of related objections: that Plaintiffs should bear the burden of proving the truth of their claims despite the fact that Defendants settled the lawsuit, [Defs.' Objs. at 1–2], that Judge Levenson "failed to address the frivolousness of Plaintiffs' false claims," [id. at 1], that Defendants should not "be responsible for Plaintiffs['] legal fees" because Plaintiffs' claims are false, [id. at 1–2], and finally that "Plaintiffs and their counsel . . . have violated their obligation to the Court to be candid," [id. at 2].  All of these objections are premised on the falsity of Plaintiffs' allegations, and all are unpersuasive for the same reasons.

Levenson's conduct toward defense counsel—which was well within his authority to manage the proceedings and conduct of the parties before him—nor his failure to question Plaintiffs' counsel during the hearing is evidence of bias.

Defendants further aver that in light of "how the courts have treated indigenous people in the past," Ms. Vanderhoop, an elder in her tribe, grew anxious and fearful as trial approached. [Defs.' Objs. at 3]. They argue that such fear amounted to duress impacting her decision to agree to settle the case. [Id.]. The Court does not dispute the history to which Defendants refer or the anxiety that can accompany a trial; it recognizes that the legal system can be confusing and intimidating to those without legal training. That said, these things are not grounds for undoing a valid settlement. Given the complexities of the legal process, it fell to defense counsel to ensure that Defendants' interests were adequately represented during the course of these proceedings. Mass. Rules of Pro. Conduct r. 1.1 (Mass. 2022). If Defendants feel that their counsel did not provide minimally competent representation and that this failure resulted in an unsatisfactory settlement, their recourse is against him.

### C.    Entitlement to adjudication of claims

Defendants assert that they are entitled to "reschedule the trial to have all of the facts adjudicated." [Defs.' Objs. at 1]; see also [id. ("[Plaintiffs' claims] have not been adjudicated and continue to be in dispute.")]. This conclusory statement lacks any basis in law and overlooks the fact that by settling, the parties resolved the claims at issue in this case without a trial.

### D.    Constitutional issues

Defendants object that the Report and Recommendation "violates [their] 6th Amendment 'equal protection under the law' rights"; that Judge Levenson's Report and Recommendation would "take[] away [their] right to have a jury decide whether the claims against [them] are true or false"; and that enforcement of the settlement agreement would mean that Defendants "giv[e]

up [their] constitutional rights," [Defs.' Objs. at 3, 5], though they do not explain which rights or how they would be given up. The Court does not see any equal protection issue here, and Defendants have not explained the basis for their other arguments. As explained above, the parties' settlement resolved the dispute and there is nothing left to try. The Constitution does not prevent parties from settling cases; nor is there anything about this settlement that raises constitutional issues.

## III.    CONCLUSION

Judge Levenson's Report and Recommendation accurately analyzes the issues presented by this motion. The Report and Recommendation is **ADOPTED** in its entirety and Defendants' objections are **OVERRULED**. Defendants' motion, [ECF No. 111], is **DENIED**.

    **SO ORDERED.**

February 23, 2026                                          */s/ Allison D. Burroughs*
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE